# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

In re:

Sonja Golson                          Chapter 13
                                             Case Number 16-56407
           Debtor                  Judge Thomas J. Tucker

_____/

## ORDER RESOLVING FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.'S OBJECTION TO CONFIRMATION AND MODIFYING THE AUTOMATIC STAY

This case is before the Court on the stipulation filed on May 2, 2017 (Docket # 42, the "Stipulation"), between the Creditor, Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc., ("Creditor"), and the Debtor. Based on the Stipulation,

IT IS ORDERED that the Creditor's objection(s) to confirmation of Debtor's Chapter 13 plan are resolved on the following terms, and that:

1) That Creditor's Proof of Claim (Claim # 7) will be treated as an allowed secured claim (Creditor having a mortgage lien in the property located at 19429 Greydale Avenue, Detroit, MI 48219, the "subject property"), in the amount of $11,000.00 to be paid over the life of the Chapter 13 Plan at 5.5% in equal monthly payments under 11 U.S.C. § 1325(a)(5)(B)(ii), and the balance of Creditor's claim will be treated as an allowed unsecured claim.

2) That upon confirmation of the Debtor's plan, the loan will become non-escrowed and the Debtor will be responsible for the payment of insurance and real property taxes for the subject property.

3) That if the Debtor fails to maintain the required insurance or property taxes during the life of this Chapter 13 case Creditor may file a notice of default, served upon Debtor and Debtor's Counsel and permitting 30 days from the service of the notice in which to cure any and all defaults in payments. If Debtor fails to cure the defaults in payments after having been provided notice under the provisions of this Order, then the Creditor may submit a proposed order dismissing this case to the Court and file an affidavit attesting to Debtor's failure to cure the default, and this case may thereafter be dismissed without further hearing or notice.

4) That Debtor will be limited to two (2) such opportunities to cure defaults. Should a third default occur, then the Creditor may submit a proposed order dismissing this case to the Court and file an affidavit attesting to Debtor's failure to cure the default, and this case may thereafter be dismissed without further hearing or notice.

5) That upon successful completion of the Debtor's Chapter 13 Plan and receipt of a discharge under 11 U.S.C. § 1328(a) the Mortgage, currently held by Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc., and dated April 23, 2004, in the amount of $60,500.00 and recorded with the Wayne County Register of Deeds at Liber 40556, Page 366 for the property located at 19429 Greydale Avenue, Detroit, MI 48219, will be discharged and extinguished.

6) That in the event the case is converted to any other Chapter under the Bankruptcy Code, or the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 discharge, Creditor will retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

7) That in the event that the subject property is destroyed or damaged, pursuant to the Mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the Mortgage. Debtor will continue to be responsible for the payment of taxes and insurance with respect to the subject property.

8) That in the event the Debtor refinances the loan on the subject property, or sells the subject property prior to completion of the Chapter 13 case and receipt of a Chapter 13 discharge, the Debtor must pay the entire balance due on the Mortgage in full at closing.

9) That in the event Creditor, its successors or assigns, fails to execute and record documents that are required to release the Mortgage after successful completion of this Chapter 13 case and receipt of a Chapter 13 discharge, the Debtor may record this Order along with the Order of Chapter 13 Discharge.

.

**Signed on May 04, 2017**

                                                    /s/ Thomas J. Tucker
                                                  Thomas J. Tucker
                                                  United States Bankruptcy Judge